UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PETER J. JARVINEN and COSTANCE L. JARVINEN,<br><br>    Plaintiffs,<br><br>v<br><br>GOSHEN TIMBER FRAMES, INC., BONNIE PICKARTZ, and DAVID PICKARTZ,<br><br>    Defendants. | 1:18-cv-00014 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR DEFAULT JUDGMENT**

In accordance with Federal Rule of Civil Procedure 55(b)(2), Plaintiffs Peter and Constance Jarvinen respectfully move the Court to grant default judgment against Defendants Goshen Timber Frames, Inc., Bonnie Pickartz, and David Pickartz.

Plaintiffs filed this action on January 2, 2108 based on Defendants' breach of contract.

**II. ARGUMENT & AUTHORITIES**

**A. Legal Standard**

1

"Once default has been entered under Rule 55(a) of the Federal Rules of Civil Procedure, Rule 55(b)(2) authorizes the court to enter default judgment against a properly served defendant who fails to file a timely responsive pleading." *Carrington v. Easley,* 5:08-CT-3175-FL, 2011 U.S. Dist. LEXIS 56805, at *6 (E.D.N.C. May 25, 2011). A consequence of the clerk's entry of a default is that, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *S.E.C. v. Marker,* 427 F. Supp. 2d 583, 586 (M.D.N.C. 2006); *see also S.E.C. v. Lawbaugh,* 359 F. Supp. 2d 418, 422 (D. Md. 2005) ("Upon default, the well-pled allegations in the complaint as to liability are taken as true, although the allegations as to damages are not.") "If the court determines that liability is established, it then must determine the appropriate amount of damages." *Carrington,* 5:08-CT-3175-FL, 2011 U.S. Dist. LEXIS 56805, at *6. "It is not necessary for the court to hold a hearing so long as it ensures that there is a basis for damages specified in a

default judgment." *Loud Records, LLC. v. Lambright*, 1:05-0171, 2006 U.S. Dist. LEXIS 38016, at *6 (S.D. W. Va. Mar. 30, 2006); *see also Chesapeake Fifth Ave. Partners, LLC v. Somerset Walnut Hill, LLC,* 3:08cv764, 2009 U.S. Dist. LEXIS 39097, at *4 (E.D. Va. May 8, 2009) ("A sum is sufficiently certain, and a damages hearing on the default judgment is unnecessary, if the damages are ascertained, determined, and fixed, or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits").

The well pled factual allegations in Plaintiffs' Complaint, which are accepted as true, establish a claim for breach of contract. The Declarations of the Plaintiffs and their counsel establish a sum certain.

**B.  Plaintiffs Should be Awarded Actual Damages**

Damages may be determined at the default judgment stage without a hearing if "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). Plaintiffs

are entitled to recover their actual damages for Defendant's breach of contract. Direct damages are the economic losses that usually or customarily result from a breach of contract. "In awarding damages, compensation is given for only those injuries that the defendant had reason to foresee as a probable result of his breach when the contract was made. If the injury is one that follows the breach in the usual course of events, there is sufficient reason for the defendant to foresee it; otherwise, it must be shown specifically that the defendant had reason to know the facts and to foresee the injury." *Stanback v. Stanback*, 297 N.C. 181, 187, 254 S.E.2d 611, 616 (1979)(*quoting* the RESTATEMENT OF THE LAW OF CONTRACT, § 330, p. 509). The foreseeability limitation on recovery was first enunciated in Hadley v. Baxendale, 156 Eng. Rep. 145 (1854). In this case damages are determined by the reasonable costs to the plaintiffs of labor and materials and other costs necessary to complete the improvement in conformity with the requirements of the contract and correct the work to

bring the improvement into conformity with the requirements of the contract. When measuring damages for defects or omissions in the performance of a construction contract, the fundamental underlying principle is that a party is entitled to have what he contracted for or its equivalent. Robbins v. C. W. Myers Trading Post, Inc., *251 N.C. 663, 666, 111 S.E.2d 884, 887 (1960).*

The declarations and exhibits filed with Plaintiffs' Motion for Default Judgment indicate that Plaintiffs have or will sustain damages in the amount of $92,004.19 to bring their home in conformity with their contract with Goshen. The damages requested by Plaintiffs do not fully account for all of damages they have sustained related to Goshen's breach, notably costs associated with renting accommodations while directing, overseeing, and completing or correcting the obligations Goshen had contracted to perform.

**C.  Plaintiffs Should be Awarded Attorneys' Fees**

Under the terms of the contract (Exhibit A) between Plaintiffs and Goshen Timber Frames, Inc., attorneys' fees and court costs are recoverable in the event litigation is necessary to enforce the terms of the contract. Plaintiffs have incurred attorneys' fees and expenses to date totaling $19,848.35 (Exhibit C).

**D.   The Individual Defendants Are Personally Liable**

According to the North Carolina Secretary of State's website, Goshen Timber Frames, Inc. was administratively dissolved prior to the commencement of this action. Defendants Bonnie and David Pickartz are the shareholders of Goshen Timber Frames, Inc. Under N.C. Gen. Stat.§ 55-14-08, a claim against a dissolved corporation may be enforced

> (1) Against the dissolved corporation to the extent of its undistributed assets, … or
>
> (2) … if the assets have been distributed in liquidation, against a shareholder of the dissolved corporation to the extend of the shareholder's pro rata share of the claim or the corporate assets distributed to the shareholder in liquidation, whichever is less, but a shareholder's total liability for all claims under this section may not exceed the total amount of assets distributed to the shareholder.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully requests that the Court enter default judgment against Defendants jointly and severally in the amount of $92,004.19 and costs, including attorneys' fees in the amount of $19,848.35. A proposed judgment has been submitted with this motion.

Dated: May 23, 2018

THE VAN WINKLE LAW FIRM

By:   /s/ Allan R. Tarleton
Allan R. Tarleton, State Bar No. 9490
P.O. Box 7376
Asheville, NC 28802
(828) 258-2991
atarleton@vwlawfirm.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2018, I electronically filed the foregoing with the Clerk of the Court and mailed the foregoing document by first-class mail to the following non-CM/ECF participants:

Bonnie Pickartz
Goshen Timber Frames
37 Phillips Street
Franklin, NC 28734

David Pickartz
Goshen Timber Frames
37 Phillips Street
Franklin, NC 28734

Goshen Timber Frames, Inc.
Susan Broadhead, Registered Agent
37 Phillips Street
Franklin, NC 28734


/s/ Allan R. Tarleton