# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00014-MR-DLH

| | |
|---|---|
| PETER JARVINEN and CONNIE JARVINEN, </br></br> Plaintiffs, </br></br> vs. </br></br> GOSHEN TIMBER FRAMES, INC., BONNIE PICKARTZ, and DAVID PICKARTZ, </br></br> Defendants. | **DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Plaintiffs' Motion for Default Judgment. [Doc. 7].

## I.   PROCEDURAL BACKGROUND

The Plaintiffs Peter Jarvinen and Connie Jarvinen filed this action against the Defendants Goshen Timber Frames, Inc. ("Goshen Timber Frames"), Bonnie Pickartz, and David Pickartz for breach of contract. [Doc. 1]. The Defendants were each properly served with a summons and the Plaintiffs' Complaint but failed to file an answer or responsive pleading or otherwise defend the lawsuit within the time allowed.  As a result of Defendants' failure to answer or otherwise appear in this action, the Clerk

Court made an entry of default against the Defendants on February 22, 2018. [Doc. 6]. The Plaintiffs now move for the entry of a default judgment against the Defendants. [Doc. 7].

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once a defendant has been defaulted, the plaintiff may then seek a default judgment. If the plaintiff's claim is for a sum certain or can be made certain by computation, the Clerk of Court may enter the default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant, however, "is not held . . . to admit conclusions of law." Ryan, 253 F.3d at 780 (quoting Nishimatsu, 515 F.2d at 1206). The Court therefore must determine whether the facts as alleged state a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

## III. FACTUAL ALLEGATIONS

In light of the Defendants' default, the Court accepts as true the following well-pleaded allegations from the Plaintiffs' Complaint.

Goshen Timber Frames is a North Carolina corporation doing business in the Western District of North Carolina. Bonnie Pickartz and David Pickartz are citizens and residents of Macon County, North Carolina, and are the shareholders of Goshen Timber Frames. Goshen Timber Frames was administratively dissolved on April 16, 2012 for failure to file an annual report. At all times relevant herein, Defendants Bonnie Pickartz and David Pickartz did business as Goshen Timber Frames and/or Goshen Timber Frames, Inc.

On or about October 8, 2013, the Plaintiffs entered into a contract with Goshen Timber Frames for the production, delivery, erection, and enclosure of a timber frame package home on the Plaintiffs' building site in Glenville, North Carolina. Under the terms of the contract, Goshen Timber Frames' provision of material and work necessary under the contract was to be completed on or before April 14, 2014. As of the filing of the Complaint, construction of the Plaintiffs' home had been ongoing for more than four years, and the home was not completed.

Pursuant to the parties' contract, Goshen Timber Frames was obligated to furnish and install heavy timber framing and 1x8 tongue and

groove decking furnished by the Plaintiffs at the underside of roof panels and the underside of the second-floor loft.  Goshen Timber Frames was also obligated to furnish and install Structural Insulated Panels (SIPS) at the roof and walls.

Goshen Timber Frames failed to furnish and install several interior timber framing members and the tongue and groove decking below the loft floor and a dormer ceiling; failed to furnish and install any of the exterior timber framing members including front porch posts framing, roof trim trusses, and under-floor brackets; and failed to furnish roof rafters for the screen porch.  Installation of the SIPS panels was incomplete due to Goshen Timber Frames' failure to correct significant defects in the work, namely:

- The roof panel edges were misaligned at three locations; fascia, roof drip edges, and roofing could not be installed due to these panel installation defects;

- Goshen Timber Frames failed to install wall panels in a workmanlike fashion, straight and plumb, at several locations;

- At three interior corners fasteners were more widely spaced than required by the SIPS manufacturer.

Goshen Timber Frames has otherwise failed to perform its obligations under the contract. Goshen Timber Frames has materially breached the contract entitling the Plaintiffs to damages in the amount of $92,004.19.[1]

Prior to filing their Complaint, the Plaintiffs, through counsel, made a formal demand for arbitration in accordance with the contract between the Plaintiffs and Goshen Timber Frames. None of the Defendants responded to that demand prior to the commencement of this action. Under the terms of the contract between Plaintiffs and Goshen Timber Frames, attorneys' fees and court costs are recoverable in the event litigation is necessary to enforce the terms of the contract. The Plaintiffs have incurred attorneys' fees and expenses to date totaling $19,848.35.

According to the North Carolina Secretary of State's website, Goshen Timber Frames was administratively dissolved prior to the commencement of this action. Defendants Bonnie and David Pickartz are the shareholders of Goshen Timber Frames, Inc. Under N.C. Gen. Stat. § 55-14-08, a claim against a dissolved corporation may be enforced

> (1) Against the dissolved corporation to the extent of its undistributed assets, … or

---

[1] Plaintiffs, in their Memorandum in Support of Plaintiffs' Motion for Default Judgment argue that they are entitled to damages in the amount of $92,004.19. [Doc. 8 at 5]. The Plaintiffs, in their joint declaration supporting their motion substantiate this amount. [Doc. 7-1 at 1-2, Doc. 7-3]. Plaintiffs' Motion, however, only asserts an entitlement to damages in the amount of $87,504.19. Since the full $92,004.19 appears to be supported by the evidence, judgment in that amount is awarded.

> (2) … if the assets have been distributed in liquidation, against a shareholder of the dissolved corporation to the exten[t] of the shareholder's pro rata share of the claim or the corporate assets distributed to the shareholder in liquidation, whichever is less, but a shareholder's total liability for all claims under this section may not exceed the total amount of assets distributed to the shareholder.

N.C. Gen. Stat. § 55-14-08(a).

For all of these reasons, the Court will enter a default judgment against the Defendants jointly and severally in the amount of $92,004.19 and costs, including attorneys' fees and expenses in the amount of $19,848.35.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Plaintiffs' Motion for Default Judgment [Doc. 7] is **GRANTED**, and judgment is entered herein in favor of the Plaintiffs against the Defendants jointly and severally in the amount of $92,004.19 and costs, including attorneys' fees and expenses in the amount of $19,848.35.

Signed: May 28, 2018

Martin Reidinger
United States District Judge